IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

ANTONIOUS WRIGHT, :
:
        Plaintiff :
:
VS. :
: NO. 7:06-CV-110 (HL)
Attorney WILLIAM FOLSOM, :
:
        Defendant : **O R D E R**

Plaintiff **ANTONIOUS WRIGHT**, an inmate at the Lowndes County Jail in Valdosta, Georgia, has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. Plaintiff also seeks leave to proceed without prepayment of the $350 filing fee or security therefor pursuant to 28 U.S.C. § 1915(a). Based on plaintiff's submissions, the Court finds that plaintiff is unable to prepay the filing fee. Accordingly, the Court **GRANTS** plaintiff's motion to proceed *in forma pauperis* and waives the initial partial filing fee pursuant to 28 U.S.C. § 1915(b)(1).

It is hereby **ORDERED** that plaintiff's custodian or his designee shall set aside twenty percent (20%) of all deposits made to plaintiff's trust fund account and forward those funds to the Clerk each time the amount set aside exceeds $10, until the $350 filing fee has been paid in full. 28 U.S.C. § 1915(b)(2). The Clerk of Court is directed to send a copy of this order to the business manager and the warden of the institution where plaintiff is incarcerated.

## I. STANDARD OF REVIEW

### A. 28 U.S.C. § 1915(e)(2)

Pursuant to 28 U.S.C. § 1915(e)(2), the Court is required to review complaints filed by prisoners against a governmental entity or its employees and dismiss any portion of the complaint the Court finds: (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. An action is frivolous when the plaintiff's legal theory or factual contentions lack an arguable basis either in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In determining whether a cause of action fails to state a claim on which relief may be granted, as contemplated by Federal Rule of Civil Procedure 12(b)(6), the Court must dismiss "if as a matter of law 'it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations,' . . . without regard to whether it is based on an outlandish legal theory or on a close but ultimately unavailing one." *Neitzke*, 490 U.S. at 327 (quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)).

### B. General Requirements of 42 U.S.C. § 1983

In order to state a claim for relief under section 1983, a plaintiff must allege two elements. First, the plaintiff must allege that an act or omission deprived him of a right, privilege, or immunity secured by the Constitution of the United States. *See Wideman v. Shallowford Community Hosp., Inc.*, 826 F.2d 1030, 1032 (11th Cir. 1987). Second, the plaintiff must allege that the act or omission was committed by a person acting under color of state law. *Id.*

## II. DISCUSSION

Plaintiff brings this action against defendant William Folsom, an attorney who plaintiff allegedly employed to represent him in plaintiff's criminal and forfeiture proceedings. Plaintiff alleges that Folsom violated plaintiff's rights when he failed to: (1) move for a speedy trial in plaintiff's criminal trial; and (2) submit a claim of ownership on plaintiff's behalf in an unspecified forfeiture proceeding, as requested by plaintiff.

Plaintiff's claims against Folsom must be dismissed as frivolous. In order to be subject to suit under section 1983, the conduct of the defendant must be fairly attributable to the state. *Rendell-Baker v. Kohn*, 457 U.S. 830, 838 (1982). A private attorney is not liable under section 1983 because he does not act "under color of state law," and his actions are not attributable to the state. *See Wahl v. McIver*, 773 F.2d 1169, 1173 (11th Cir. 1985); *see also Pete v. Metcalfe*, 8 F.3d 214, 216-17 (5th Cir. 1993) (private attorneys are not liable under section 1983 for malpractice, negligence, or inaction). Assuming for the sake of argument that Folsom did the things of which plaintiff complains, Folsom would still not be considered a state actor for purposes of section 1983. While plaintiff may have a cause of action in state court for malpractice, he has not shown a constitutional violation under section 1983.

### III. CONCLUSION

Accordingly, the complaint against the defendant should be **DISMISSED** as being frivolous under 28 U.S.C. § 1915(e)(2).

**SO ORDERED**, this 7th day of November, 2006.

          **s/   Hugh Lawson**
          HUGH LAWSON
          UNITED STATES DISTRICT JUDGE

cr